IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONNELL QUARTERMAN, # 174376
    Plaintiff,

vs.                                                    Case No.:  3:06cv419/LAC/EMT

L.M. LOENZO,
    Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on September 22, 2006 (Doc. 1). Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 2).

The court takes judicial notice of a case previously filed by Plaintiff in this district, Case No. 3:06cv2/LAC/EMT, which was dismissed by the court pursuant to 28 U.S.C. § 1915(g) on the ground that Plaintiff qualified as a "three striker" and failed to pay the filing fee upon filing the complaint (*see* Case No. 3:06cv2 (Docs. 9, 13)).  The court also notes that Plaintiff previously filed Case No. 3:05cv367/RH/MD and Case No. 4:94cv40463/WS in this district, which were dismissed by the court as malicious and frivolous, respectively (*see* Case No. 3:05cv367 (Docs. 5, 11), Case No. 4:94cv40463 (Docs. 5, 9)). Additionally, on the complaint form in the instant case, Plaintiff listed a case he previously filed in the Middle District of Florida, Case No. 2:04cv448/JES/SPC, and indicated that the case was dismissed pursuant to the "3-strike rule" (Doc. 1 at 6(2)).  Indeed, a review of the docket in Case No. 2:04cv448 reflects that the case was dismissed pursuant to section 1915(g), the "Three Strikes Rule" (*see* Case No. 2:04cv448 (Doc. 10)).  In dismissing Plaintiff's case, the District Court took "judicial notice of filings brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a

claim upon which relief may be granted: (1) 3:91-CV-593-WTH; (2) 3:02-CV-723-RWN; and (3) 3:03-CV-118-WTH-GRJ" (*id.* (footnote omitted)).

Pursuant to the "three strikes" provision of the Prison Litigation Reform:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant complaint, Plaintiff claims that he is a handicapped, impaired inmate with physical problems that include ruptured and herniated disks, a hip fracture, damaged tendons and ligaments, lung damage, tumors, and swollen extremities which render him incapable of standing or walking (Doc. 1 at 7). Moreover, Plaintiff claims he is being "brain scanned illegal [sic] due to global satellite positioning and monitoring" and is being shocked, which causes serious pain, because of a "large amount of electric swell [sic] elements [and] implants in [his] body." (*id.*). However, Plaintiff's complaint concerns a particular incident that occurred on September 23, 2002, when he was incarcerated at the Santa Rosa Correctional Institution (SRCI). Plaintiff alleges that while he was sitting outside his cell waiting for Defendant Loenzo to complete a cell search, he noticed that Loenzo tampered with his legal papers and threw away his legal notes (*id.*). Plaintiff entered the cell to confront Officer Loenzo, and Loenzo grabbed Plaintiff's leg and slammed it against the sink/commode, causing "unbearable serious pain" and internal and external injuries (*id.*). Plaintiff asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated (Doc. 1 at 8). As relief, he seeks $25,000,000.00 in compensatory and punitive damages (Doc. 1 at 9).

This court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g). Initially, Plaintiff does not clearly allege that he incurred any serious physical injury from the incident described in the complaint. Additionally, Plaintiff does not specifically show how the September 2002 incident evidences a present threat of serious injury to him. Thus, he has failed to satisfy the imminent danger exception to the statute. *See* Medberry v. Butler, 185

F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."). Therefore, Plaintiff cannot proceed in forma pauperis.

Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 3rd day of October 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:06cv419/LAC/EMT